UNITED STATES of America

v.

Tomas SARINANA–GUERRA, Mario Alberto Garcia–Garza, Jesus Grimaldo–Garcia.

Crim. No. L–94–130.

United States District Court,
S.D. Texas,
Laredo Division.

Sept. 8, 1994.

---

**102**

Calixtro Villarreal, Rio Grande City, TX, for defendant.

Yvonne Salinas Gonzalez, U.S. Attys. Office, Laredo, TX, for plaintiff.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending are motions to suppress by all three Defendants. Each was arrested at approximately the same time by Border Patrol agents at the intersection of FM 1017 and State Highway 285 near Hebbronville, Texas. An evidentiary hearing was held on August 3, 1994. The Government and Defendants Grimaldo and Sarinana have subsequently filed briefs in support of their respective positions.

The Government's memorandum opposing the motions accurately sets forth the basic facts of this incident. A threshold question which must be addressed is at what point any of the Defendants were "seized." A seizure occurs when an officer, either by application of physical force or by a show of authority, somehow effects the restraint of a person's liberty. *California v. Hodari D,* 499 U.S. 621, 624–26, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991). If there is no seizure, but rather "mere communication" between an officer and a citizen, no Fourth Amendment concerns are implicated. *United States v. Watson,* 953 F.2d 895, 897 n. 1 (5th Cir.1992). On the other hand, a brief investigatory stop must be supported by a reasonable suspicion, while a full scale arrest must be supported by probable cause. *Id.*

The Government suggests that this case should be analyzed under principles governing checkpoints. The Court disagrees. The two agents were a roving Border Patrol unit, occupying a stationary location on FM 1017. When they saw the three vehicles pass their location, they decided to pursue. They eventually overtook the trio and headed toward the intersection, which was 10 miles from their original location. They then positioned their vehicle perpendicular to the highway and turned on their emergency lights.

This Court has previously determined that the Border Patrol may legitimately establish a temporary checkpoint at this particular location. While a checkpoint need not necessarily be functioning any specific length of time, it still must be run in a "regularized manner" so that motorists are reassured that they are not being "randomly harassed." *United States v. Venegas–Sapien,* 762 F.2d 417, 418 (5th Cir.1985). The Supreme Court has allowed brief stops at checkpoints without any reasonable suspicion by specifically distinguishing such stops from those made by roving patrols. *United States v. Martinez–Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). This Court does not believe that a roving patrol can be converted

to a checkpoint by the simple expedient of passing a vehicle on the highway, beating it to the intersection, parking the Government unit, turning on the emergency lights, and declaring oneself a checkpoint. On the other hand, the Court also recognizes that at the intersection in question, a stop sign and a flashing red light commanded all traffic on FM 1017 to stop, albeit briefly. The Court must therefore determine whether these Defendants stopped in response to a show of Government authority or for another reason.

■ Under the foregoing analysis, the Court concludes that the first vehicle, a Ford "dually" pulling a gooseneck trailer, driven by Defendant Grimaldo–Garcia, was clearly seized at the intersection. The undisputed evidence is that Agent Benito Villarreal, at a spot approximately 100 feet from the intersection, diverted this vehicle off the highway and directed it to stop in a vacant lot. This conduct would fit at least the "second tier" described in *Watson, supra,* requiring a reasonable suspicion of criminal activity. The Court concludes that the facts do not support such a finding here. *See United States v. Roch,* 5 F.3d 894, 897 (5th Cir.1993) (Government has burden of justifying a warrantless seizure). The Court basically agrees in this respect with the analysis set forth in Grimaldo–Garcia's Memorandum of August 22, 1994.

■ The Court reaches a different result as to the remaining two Defendants. The second vehicle was a utility truck with no labels or other markings, bearing a United States Government license plate. This vehicle proceeded to the intersection and stopped at the stop sign. Contrary to Defendant Sarinana–Guerra's assertion in his supporting Memorandum, the undisputed evidence is that Agent James Noel could detect "a strong odor of marihuana" emanating from the truck before he ever climbed onto it or conversed with its driver. This testimony is credible considering that the vehicle was subsequently found to contain approximately 1500 pounds of marihuana. The odor of marihuana would furnish probable cause to detain the driver. The undisputed evidence also reflects that Defendant Sarinana–Guerra consented to the subsequent search of his vehicle.

■ The third vehicle was apparently identical in appearance to the second vehicle. It was driven by Defendant Garcia–Garza. The undisputed evidence is that, without any show of authority by either agent, when this vehicle got near the intersection, the driver simply pulled off the road and parked in the vacant lot next to the Ford "dually." Under these circumstances, the Court concludes that there was no seizure of the vehicle. When Agent Noel noticed the third vehicle parked in the field, he had already discovered the marihuana in the second vehicle and had arrested Sarinana–Guerra. He then walked over to the third vehicle, where he could again detect the odor of marihuana. He then arrested Defendant Garcia–Garza. The Court concludes that the odor of marihuana from the third truck also justified the arrest and search of that vehicle. Moreover, by that time the agents had confirmed the existence of a large quantity of marihuana in the second truck, and they knew that the second and third trucks were virtually identical in appearance and were apparently travelling in close proximity. These circumstances would add to the probable cause.

For all the foregoing reasons, the motion to suppress by Defendant Jesus Grimaldo–Garcia is GRANTED. The motions to suppress by Defendants Tomas Sarinana–Guerra and Mario Alberto Garcia–Garza are DENIED. The Government states that only two pieces of evidence were seized from Grimaldo–Garcia, a piece of paper with a telephone number and registration papers for the gooseneck trailer. The gooseneck trailer was apparently registered to Sarinana–Guerra's father. The Government asserts that it would have inevitably discovered this fact "after a routine title history was completed on the seized vehicles." In granting Grimaldo–Garcia's motion, the Court specifically does not rule on that contention, being presently without sufficient facts to do so. Certainly if the Government can obtain title records on the gooseneck trailer from an independent source, production of that evidence

would not implicate any privacy right of Defendant Grimaldo–Garcia.